## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NICHOLAS JOHNSON**

> **Plaintiff,**

> **Case No.:**

**v.**

**HOMES BY WEST BAY, LLC,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS JOHNSON, by and through undersigned counsel, brings this action against Defendant, HOMES BY WEST BAY, LLC and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in Sarasota County, Florida.

## PARTIES

4.     Plaintiff is a resident of Sarasota County, Florida, and he worked for Defendant in Sarasota County, Florida.

5.     Defendant operates a residential homebuilding company including operations in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6.     This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights, and discriminated against him on the basis of his disability/handicap under the ADA and FCRA. Plaintiff also seeks relief under ERISA for Defendant's unlawful conduct in interfering with and retaliating against Plaintiff for exercising his rights to participate in and receive benefits under an employee health plan.

7.     Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

8.     Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.     Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4), and at all relevant times maintained a group health plan governed by ERISA, 29 U.S.C. § 1002(1).

2

10.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and FCRA.

11.    At all times material hereto, Defendant employed fifteen (15) or more employees and thus is an "employer" within the meaning of the ADA and FCRA.

12.    Plaintiff was a participant in Defendant's employee health benefit plan within the meaning of 29 U.S.C. § 1002(7), and was entitled to continued participation and benefits under that plan.

13.    Plaintiff has satisfied all conditions precedent, or they have been waived.

14.    Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

15.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.    Plaintiff began working for Defendant on October 2, 2023, as a Construction Manager/Production Homebuilder and remained in that position until Defendant terminated his employment on March 3, 2025.

17.    In mid-January 2024, Plaintiff was hospitalized and diagnosed with end-stage renal disease (ESRD) and polycystic kidney disease (PKD), requiring dialysis.

3

18. Plaintiff's end-stage renal disease substantially limited one or more major life activities, including the operation of his kidneys and other major bodily functions.

19. Plaintiff's polycystic kidney disease also resulted in two brain aneurysms requiring significant medical treatment.

20. Plaintiff's supervisors and their managers knew of Plaintiff's conditions and required medical treatment.

21. Plaintiff had a record of disability/handicap, Defendant knew Plaintiff had a disability/handicap, and Defendant regarded Plaintiff as having a disability/handicap.

22. At all times material, Plaintiff remained capable of performing the essential functions of his position with or without reasonable accommodation.

23. Plaintiff therefore was a qualified individual with a disability within the meaning of the Americans with Disabilities Act and the Florida Civil Rights Act.

24. During an open enrollment meeting in November 2024, Defendant's CEO remarked that certain employees had high medical expenses and stated that the company would be switching health insurance providers in January 2025 to reduce costs associated with those claims.

25. Plaintiff knew that his own medical treatment generated significant healthcare expenses, and therefore understood that the company wide discussion

4

concerning high-cost medical claims directly implicated employees with serious medical conditions, including himself.

26. In mid-January 2025, Plaintiff notified Human Resources (HR) via email of his need for FMLA leave for an upcoming brain surgery scheduled for March 10, 2025, related to two brain aneurysms caused by his PKD.

27. Plaintiff's notification of the need for finite leave was a request for reasonable accommodation under the ADA and FCRA, and protected activity under the FMLA.

28. Defendant's HR department advised Plaintiff that he would "be fine" and was "good to go" in response to his notification of the need for leave related to his brain surgery.

29. Plaintiff expected to remain out of work for as little as four weeks or as long as twelve weeks following the procedure.

30. Defendant, including Plaintiff's supervisor and managers and its HR Department, had actual knowledge of his continuing disability, upcoming surgery, and need for medical leave pertaining to same.

31. HR provided Plaintiff with FMLA certification paperwork in early February 2025; Plaintiff advised that he intended to return the forms after completion during a medical visit scheduled for March 6, 2025.

32. On March 3, 2025, before Plaintiff could submit the paperwork and only days prior to his scheduled brain surgery, Defendant terminated his employment.

33.   Defendant terminated Plaintiff's employment to avoid the financial obligations associated with Plaintiff's continued coverage under Defendant's health insurance plan, because of his disability/handicap and need for reasonable accommodation, and to prevent him from taking protected medical leave.  In doing so, Defendant interfered with Plaintiff's rights under the FMLA, retaliated against him for attempting to exercise those rights, and violated ERISA § 510 by seeking to limit its financial obligations under its health plan.

34.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff lost his employment including wages and benefits and suffered other related damages.

### COUNT I – FMLA INTERFERENCE

35.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 9, 13 through 20, 26, and 28 through 34 of this Complaint, as fully set forth herein.

36.   Plaintiff required time off from work to care for himself because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

37.   Defendant knew of Plaintiff's need for protected leave.

38.   By terminating Plaintiff's employment, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(1)-(2).

39.   Defendant's actions were willful and done with malice.

40. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) Enter judgment declaring that Defendant unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act;

(b) Award compensation for lost wages, benefits, and other employment-related remuneration resulting from the interference;

(c) Order reinstatement to Plaintiff's former position or an equivalent position with full back pay, benefits, and pension rights; or, in the alternative, award front pay and other appropriate equitable relief under 29 U.S.C. § 2617(a)(1)(B);

(d) Award liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

(e) Award prejudgment interest on all monetary recovery;

(f) Award Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action; and

(g) Grant such other and further relief as the Court deems just and proper.

## COUNT II – FMLA RETALIATION

41.    Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 9, 13 through 20, 26, and 28 through 34 of this Complaint, as fully set forth herein.

42.    Plaintiff required time off from work to care for himself because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

43.    Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

44.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

45.    Defendant's actions were willful and done with malice.

46.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    Enter judgment declaring that Defendant unlawfully retaliated against Plaintiff in violation of the Family and Medical Leave Act;

(b)    Award compensation for lost wages, benefits, and other employment-related remuneration resulting from the retaliation;

(c)    Order reinstatement to Plaintiff's former position or an equivalent position with full back pay, benefits, and pension

8

rights; or, in the alternative, award front pay and other appropriate equitable relief under 29 U.S.C. § 2617(a)(1)(B);

(d)    Award liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

(e)    Award prejudgment interest on all monetary recovery;

(f)    Award Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action; and

(g)    Grant such other and further relief as the Court deems just and proper.

## COUNT III – ERISA VIOLATION

47.    Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 6, 12 through 17, 19 through 20, 24 through 26, and 32 through 34 of this Complaint, as fully set forth herein.

48.    At all times material, Defendant maintained an employee welfare benefit plan including group health coverage governed by ERISA, and Plaintiff was a participant in that plan.

49.    Plaintiff was entitled to protection under ERISA.

50.    At all times material, Defendant knew Plaintiff suffered from serious and ongoing medical conditions, including end-stage renal disease, polycystic kidney disease, and brain aneurysms, and knew that Plaintiff required ongoing and costly medical treatment for his health conditions.

51.     Defendant's termination of Plaintiff was pretextual and purposefully interfered with Plaintiff's right to continued health benefits under Defendant's employee benefit plan, causing Plaintiff to lose substantial health insurance benefits and other fringe benefits of employment.

52.     Plaintiff's termination circumstances give rise to, at a minimum, an inference of discrimination under ERISA.

53.     Defendant's actions were willful and specifically intended to interfere with Plaintiff's ERISA rights and access to benefits under the company's health plan and to retaliate against him for his use or anticipated use of those benefits, in violation of 29 U.S.C. § 1140.

54.     But for Defendant's discriminatory intent, Plaintiff's employment would not have ceased.

55.     As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a)     Enter judgment in Plaintiff's favor and against Defendant on Count III;

(b)     Full legal and equitable relief under ERISA, including back pay plus interest; reinstatement to Plaintiff's prior or comparable position with seniority or front pay; restitution of plaintiff's lost employee benefits or monetary damages equal to same;

(c)     An injunction restraining continued violation of ERISA;

10

(d)   Prejudgment interest on all monetary recovery obtained;

(e)   Award attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f)   For such other relief as this Court deems just and proper.

## COUNT IV – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

56.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 10 through 11, 13 through 23, 26 through 30, and 32 through 34 of this Complaint, as though fully set forth herein.

57.   Plaintiff is a member of a protected class under the ADA.

58.   Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

59.   Specifically, Defendant terminated Plaintiff because of his disability and/or perceived disability.

60.   Defendant's actions were willful and done with malice.

61.   Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

11

c)　That this Court enter an injunction restraining continued violation of the ADA;

d)　Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)　Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f)　Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)　Any other compensatory damages, including emotional distress, allowable at law;

h)　Punitive damages;

i)　Prejudgment interest on all monetary recovery obtained.

j)　All costs and attorney's fees incurred in prosecuting these claims; and

k)　For such further relief as this Court deems just and equitable.

### COUNT V—ADA VIOLATION
### (FAILURE TO ACCOMMODATE)

62.　Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 10 through 11, 13 through 23, 26 through 30, and 32 through 34 of this Complaint, as though fully set forth herein.

12

63. Plaintiff is disabled, or was perceived by Defendant as being disabled.

64. Plaintiff was a qualified individual who, with reasonable accommodation, could perform the essential functions of his position.

65. Plaintiff requested reasonable accommodation for his disability including a finite leave for medically necessary surgery and recovery.

66. Defendant failed to provide and denied Plaintiff reasonable accommodation for his disability, and instead terminated his employment.

67. Defendant's actions were willful and done with malice.

68. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

69. Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 10 through 11, 13 through 23, 26 through 30, and 32 through 34 of this Complaint, as though fully set forth herein.

70. Plaintiff is a member of a protected class under the FCRA.

71. Plaintiff was subjected to disparate treatment on the basis of his handicap and/or perceived handicap.

72. Specifically, Defendant terminated Plaintiff because of his disability and/or perceived disability.

73. Defendant's actions were willful and done with malice.

74. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

14

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VII —FCRA VIOLATION
### (FAILURE TO ACCOMMODATE)

75. Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 10 through 11, 13 through 23, 26 through 30, and 32 through 34 of this Complaint, as though fully set forth herein.

76. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

77. Plaintiff was a qualified individual who, with reasonable accommodation, could perform the essential functions of his position.

15

78.    Plaintiff requested reasonable accommodation for his handicap including a finite leave for medically necessary surgery and recovery.

79.    Defendant failed to provide and denied Plaintiff reasonable accommodation for his handicap, and instead terminated his employment.

80.    Defendant's actions were willful and done with malice.

81.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issues and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of the law enumerated herein;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained;

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of July, 2026.

Respectfully submitted,

*/s/ Erin L. Centrone*
**ERIN L. CENTRONE**
Florida Bar Number: 100189
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-556-7875
Facsimile No.: 813-229-8712
Email: ecentrone@wfclaw.com
Email: mrivera@wfclaw.com
**Attorneys for Plaintiff**